NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO GUADALUPE MORALES-GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  21-70464 <br><br> Agency No. A202-011-126 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Immigration Judge

April 17, 2023[**]

Before:     CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Mario Guadalupe Morales-Gonzalez, a native and citizen of Guatemala, petitions pro se for review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he did not have a reasonable fear of persecution or torture in Guatemala and is not entitled to relief from his reinstated removal order.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. We deny the petition for review.

Substantial evidence supports the IJ's determination that Morales-Gonzalez failed to establish his resistance-based particular social group is socially distinct. *See id.* at 1243 (absence of society-specific evidence of social distinction). Thus, the IJ did not err in concluding that Morales-Gonzalez did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Substantial evidence also supports the IJ's determination that Morales-Gonzalez failed to show a reasonable possibility of persecution in Guatemala on account of a protected ground. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) (no basis for withholding of removal where petitioner did not show a

nexus to a protected ground). In light of this disposition, we need not reach Morales-Gonzalez's remaining contention regarding whether the government was unable or unwilling to protect him. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's determination that Morales-Gonzalez failed to show a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Guatemala. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836-37 (petitioner failed to demonstrate government acquiescence sufficient to establish a reasonable possibility of future torture).

**PETITION FOR REVIEW DENIED.**